UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
PETER HOFFMANN,
        Plaintiff,

v.

KASHI SALES, L.L.C.,
        Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

21 CV 9642 (VB)

Briccetti, J.:

    Plaintiff Peter Hoffman brings this putative class action against defendant Kashi Sales, L.L.C., alleging violations of Sections 349 and 350 of New York's General Business Law ("GBL"); violations of the consumer fraud acts of Montana, Virginia, Delaware, and Kansas; breach of express warranty; breach of the implied warranty of merchantability; violation of the Magnuson Moss Warranty Act ("MMWA"); fraud; and unjust enrichment, all based on the assertion that defendant misrepresents the amount of strawberry and honey in its "Ripe Strawberry Soft Baked Breakfast Bars."[1]

    Now pending is defendant's motion to dismiss pursuant to Rule 12(b)(6). (Doc. #8).

    For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d).

---

[1] Plaintiff withdrew his claim for negligent misrepresentation and his demand for injunctive relief. (Doc. #13 ("Pl Opp.") at 1).

1

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

At issue in this case are statements made on the packaging of defendant's "Ripe Strawberry Soft Baked Breakfast Bars" (the "Product"). Plaintiff alleges the Product's front packaging prominently displays the words "Ripe Strawberry" and, in smaller letters, "Made with Wildflower Honey," "3g Fiber," "10g Whole Grains," and "Non GMO Project Verified." (Doc. #1 ("Compl.") ¶ 2). Plaintiff contends the front packaging depicts an enlarged breakfast bar with red filling like so:



(Compl. ¶ 1).

Plaintiff alleges the back label depicts two large, "fresh, ripe" strawberries and scattered oats, and reads, in relevant part, "These bars were made for you with love. . . . Love for simple ingredients, like strawberries and whole grains." (Compl. ¶ 3). The back label also describes the

Product as "Simply Delicious" and "Delightfully Nutritious."  (Id.)  An image of the back label is shown below:



(Id.).

According to plaintiff, the Product's label leads reasonable consumers to expect "more strawberry ingredients in the filling than non-strawberries, and more honey than non-honey sweetening ingredients."  (Compl. ¶ 98).  Plaintiff alleges the Product's filling actually contains more apples and pears than strawberries, and the Product as a whole contains more sugar and tapioca syrup than honey.[2]

---

[2]    Plaintiff alleges the Product's ingredients are:  "<u>Strawberry filling</u> (pear juice concentrate, tapioca syrup, cane sugar, apple powder, strawberry puree concentrate, cornstarch, glycerin, natural flavors, elderberry juice concentrate for color), <u>Kashi Seven Whole Grain flour</u> (oats, hard red wheat, brown rice, rye, triticale, barley, buckwheat), whole wheat flour, whole grain oats, invert cane syrup, expeller pressed canola oil, honey, chicory root fiber, vegetable glycerin, tapioca syrup, leavening (sodium acid pyrophosphate, baking soda), soy lecithin, xanthan gum, natural flavors."  (Compl. ¶ 28) (emphasis added).

Plaintiff further alleges defendant supports the false impression that the Product contains more strawberries than it does by adding red elderberry juice concentrate to the Product's filling to boost its red color.

In addition, Plaintiff contends defendant's reputation as "a leading seller of organic and healthy snacks, known for being transparent with its ingredients and corporate identity," encourages consumers to trust defendant's labels.  (Id. ¶ 92).

Plaintiff claims consumers prefer strawberries to apples and pears, in part because strawberries confer health benefits that apples and pears do not, and that consumers seek out products sweetened with honey instead of sugar because honey occurs naturally and has a lower glycemic index.  Therefore, plaintiff alleges he and the putative class members would not have purchased the Product or paid as much for it if they had known the truth regarding the strawberry and honey content relative to other fruits and sweeteners, respectively.

## DISCUSSION

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).³  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

---

³ Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

II.     New York General Business Law Claims

Defendant argues plaintiff has not plausibly alleged the Product's labeling is deceptive because no reasonable consumer would believe (i) the Product's filling contained only, or even primarily, strawberries, or (ii) the statement "Made with Wildflower Honey" meant anything other than that the Product contained honey (which it does).

A.      Legal Standard

Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce," and Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce."  To state a claim under either section, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015).

"[I]n determining whether a reasonable consumer would have been misled by a particular advertisement, context is crucial." Fink v. Time Warner Cable, 714 F.3d 739, 742 (2d Cir. 2013) (per curiam).  "For example, under certain circumstances, the presence of a disclaimer or similar

5

clarifying language may defeat a claim of deception." Id. In other words, courts assess "each allegedly misleading statement in light of its context on the product label or advertisement as a whole," contemplating "[t]he entire mosaic . . . rather than each tile separately." Belfiore v. Procter & Gamble Co., 311 F.R.D. 29, 53 (E.D.N.Y. 2015).

In certain cases, whether a product's packaging is materially misleading can be determined as a matter of law. Fink v. Time Warner Cable, 714 F.3d at 741. However, "[t]here is significant authority supporting the idea that it is inappropriate for a court to decide whether a reasonable consumer could be misled at the Rule 12(b)(6) stage." Lugones v. Pete & Gerry's Organic, LLC, 440 F. Supp. 3d 226, 242 (S.D.N.Y. 2020) (citing Kacocha v. Nestle Purina Petcare Co., 2016 WL 4367991, at *14 (S.D.N.Y. Aug. 12, 2016) (collecting cases)). Consequently, "[d]ismissal [at the motion to dismiss stage] is warranted only in a rare situation where it is impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." Hesse v. Godiva Chocolatier, Inc., 463 F. Supp. 3d 453, 467 (S.D.N.Y. 2020) (emphasis added).

    B.    Analysis

        1.    Strawberry

At this early stage in the litigation, the Court cannot say it is impossible for plaintiff to prove a reasonable consumer would likely be misled by the Product's packaging into believing the Product's strawberry filling, to the extent it contains fruit, contains predominantly strawberries.

The Product does contain strawberries, and the ingredients list on the packaging reflects this. However, some presence of strawberries combined with an accurate ingredients list does not foreclose the possibility that the packaging is misleading. In the Second Circuit, it is

considered "materially misleading to suggest a product contains a greater proportion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the food." Izquierdo v. Panera Bread Co., 450 F. Supp. 3d 453, 462 (S.D.N.Y. 2020) (citing Mantikas v. Kellogg Co., 910 F.3d 633, 639 (2d Cir. 2018)); Mantikas v. Kellogg Co., 910 F.3d at 637 ("a reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box").

As an initial matter, defendant is incorrect that "ripe strawberry" is presented as the Product's flavor, and not as an ingredient. The back packaging says defendant's snacks were made with "[l]ove for simple ingredients, like strawberries and whole grains." (Compl. ¶ 3 (emphasis added)). Further, use of the word "Ripe" to modify "Strawberry" on the front packaging bolsters the implication that real, ripe strawberries are present in the Product. See Sharpe v. A&W Concentrate Co., 481 F. Supp. 3d 94, 102 (E.D.N.Y. 2020) ("use of the word 'aged' [in a product advertising it was 'made with aged vanilla'] suggests to consumers that the vanilla content is naturally derived and has acquired a desirable quality upon the passage of time").

More than indicating strawberries are an ingredient, plaintiff has plausibly alleged a reasonable consumer might believe they were the predominant fruit ingredient in the Product's filling. "Ripe Strawberry" is written in large, bold font on the front packaging, with the words "Soft Baked Breakfast Bars" in significantly smaller, unbolded font, below; this design suggests that "Ripe Strawberries" are a central component of the Product. See Campbell v. Whole Foods Mkt. Grp., Inc., 516 F. Supp. 3d 370, 382 (S.D.N.Y. 2021) (packaging with the words "honey" and "graham" "equally sized in a large uniform color and font, preceding the word 'crackers'" in

a smaller, different font in a different color meant a consumer is "likely to read the product packaging as a description of the crackers' ingredients: honey and graham").

Nearly a third of the front packaging is an enlarged photo of the Product. It displays the Product's filling as a textured, gel-like substance with a deep red-purple color, similar to the color of a ripe strawberry or strawberry jam. The back packaging contains two images of whole strawberries, which are positioned to the right of the representation that defendant's food products are made with "simple ingredients, like strawberries and whole grain." (Compl. ¶ 3).

Thus, drawing all reasonable inferences in plaintiff's favor, as the Court must at this stage, the Court cannot say it is impossible these representations would imply to a reasonable consumer that the Product's filling, to the extent it contains fruit, contains predominantly strawberries. See Mantikas v. Kellogg Co., 910 F.3d at 636 (plaintiffs plausibly alleged the words "Whole Grain" on the front packaging of Cheez-Its paired with a photo of the product implied that most or all grains in the Cheez-Its were whole grain).

This case is distinguishable from recent cases holding the packaging of Strawberry Pop-Tarts could not plausibly mislead a reasonable consumer into believing the Pop-Tart filling contained mostly strawberries. The front packaging of Strawberry Pop-Tarts characterized those products as "pastries," and pictured a product with a bright red, unnaturally colored filling. See Brown v. Kellogg Sales Co., 2022 WL 992687, at *1 (S.D.N.Y. Mar. 31, 2022); Chiappetta v. Kellogg Sales Co., 2022 WL 602505, at *2 (N.D. Ill. Mar. 1, 2022). Accordingly, the Pop-Tarts packaging portrayed a processed breakfast treat more akin to the packaging of sugary breakfast cereals, the latter of which courts routinely find could not have reasonably portrayed a product with predominantly fruit ingredients. See, e.g., Videtto v. Kellogg USA, 2009 WL 1439086, at

\*3 (E.D. Cal. May 21, 2009) (Froot Loops); Sugawara v. Pepsico, Inc., 2009 WL 1439115, at \*3 (E.D. Cal. May 21, 2009) (Cap'n Crunch).

In contrast, here, the Product is labeled as made "with simple ingredients, like strawberries and whole grains" such that it is "Delightfully Nutritious." (Compl. ¶ 3). It is plausible these representations could reinforce a reasonable consumer's understanding, based on the front packaging, that the filling's predominant fruit ingredient is strawberries.

Accordingly, although it is a close call, the Court concludes plaintiff has plausibly alleged the representations on the Product's packaging could mislead a reasonable consumer into believing the Product's predominant fruit ingredient is strawberries.

### 2. Honey

Likewise, the Court cannot say it is impossible a reasonable consumer would likely be misled by the statement "Made with Wildflower Honey" into believing the Product was predominantly sweetened with honey.

Defendant's use of the words "Made with" presents honey as an ingredient, not a flavor. See Warren v. Stop & Shop Supermkt., LLC, 592 F. Supp. 3d 268, 279–80 (S.D.N.Y. 2022) (a reasonable consumer would not believe honey is the primary sweetener because "the [p]roduct's label does not use language such as 'made with pure honey'"). Just as the word "Ripe" bolsters an impression that actual strawberries are in the Product, the use of "Wildflower" to describe the honey the Product is "Made with" bolsters the impression that actual honey is in the Product. See Sharpe v. A&W Concentrate Co., 481 F. Supp. 3d at 102.

Although honey is present in the Product, the Product also contains tapioca syrup, cane sugar, and "invert cane syrup," and plaintiff alleges honey "is present in the lowest quantity." (Id. ¶ 69). Plaintiff alleges consumers place a greater value on products sweetened with honey

9

(instead of sugar) and are willing to pay higher prices for such products. Plaintiff contends this is due to consumers' belief that honey, as a "natural sweetener," has more healthful properties than sugar. (Compl. ¶ 60–62). Moreover, plaintiff claims a survey highlighted in "Prepared Foods" magazine in 2018 noted that "60% of consumers . . . look for honey on the product label" and that "about half of consumers would pay at least 5% more for food . . . primarily sweetened with honey." (Compl. ¶ 61).

Thus, based on plaintiff's allegations, which the Court must accept as true, and the specific representations on the Product's packaging, the Court cannot conclude it is impossible for a reasonable consumer to be misled into believing the Product was predominantly sweetened with honey (not tapioca syrup or sugar).

The cases defendant cites concerning products with references to "honey" in product names are distinguishable because, in those cases, honey was presented as a flavor instead of an ingredient. See Lima v. Post Consumer Brands LLC, 2019 WL 3802885, at *1 (D. Mass. Aug. 13, 2019) (dismissing claim that "Honey Bunches of Oats" was misleading because reasonable consumers would not believe honey was the predominant sweetener).

That honey is not presented as the Product's primary ingredient is of no consequence when, as here, plaintiff alleges honey is a preferred ingredient specifically sought out by consumers. See, e.g., Campbell v. Whole Foods Mkt. Grp., Inc., 516 F. Supp. 3d at 387 (rejecting the reading in Kennedy v. Mondelez Glob. LLC, 2020 WL 4006197, at *13 (E.D.N.Y. July 10, 2020), that Mantikas v. Kellogg Co., 910 F.3d at 638, applies only when the allegedly misleading ingredient is the product's primary ingredient); Sharpe v. A.W. Concentrate Co., 481 F. Supp. at 103 (concluding, based on the Second Circuit's language, that "the principle resulting

from <u>Mantikas</u> may also apply in circumstances in which the alleged misrepresentation pertains to a preferred, non-primary ingredient") (collecting cases).

Accordingly, plaintiff has sufficiently alleged a reasonable consumer could be misled that honey is the Product's predominant sweetener.

Plaintiff's GBL 349 and 350 claims may proceed.

III.     <u>Other Consumer Protection Statutes</u>

Plaintiff also purports to represent a "Consumer Fraud Multi-State Class" with members in Montana, Virginia, Delaware, and Kansas, and alleges defendant's conduct violates the consumer protection acts of those states.  <u>See</u> Mont. Code Ann. § 30-14-103; Va. Code Ann. § 59.1-200; Del. Code Ann. tit. 6, § 2513(a); Kan. Stat. Ann. § 50-626 (collectively, the "Other Consumer Protection Statutes").

The parties agree each of the Other Consumer Protection Statutes employs a "reasonable consumer" standard similar to GBL 349 and 350.  <u>See</u> <u>Harris v. Mondelez Glob. LLC</u>, 2020 WL 4336390, at *2 (E.D.N.Y. July 28, 2020) ("the critical issue for resolving" motion to dismiss claims under consumer protection statutes from forty states and the District of Columbia was "whether a reasonable consumer would be misled" by defendant's representations).

Accordingly, because plaintiff has plausibly alleged a reasonable consumer could be misled by the representations on the Product's packaging, plaintiff's claims alleging violations under the Other Consumer Protection Statutes shall proceed.

IV.      <u>Breach of Express Warranty</u>

Defendant argues plaintiff's breach of express warranty claim must be dismissed for failure to allege he provided sufficient pre-suit notice.

The Court agrees.

"In order to assert a breach of express warranty claim under New York law, a buyer must provide the seller with timely notice of the alleged breach of warranty." Campbell v. Whole Foods Mkt. Grp., 516 F. Supp. 3d at 391; N.Y. U.C.C. § 2-607(3)(a).

Plaintiff's three arguments claiming he alleged proper notice fail.

First, plaintiff asserts he "provided or will provide notice to defendant, its agents, representatives, retailers, and their employees," and "[d]efendant received notice and should have been aware of these issues due to complaints by regulators, competitors, and consumers, to its main offices, and by consumers through online forums." (Compl. ¶¶ 130–31). "It is well settled that such allegations are insufficient to indicate proper notice, or to avoid dismissal." Devey v. Big Lots, Inc., 2022 WL 6827447, at *6 (W.D.N.Y. Oct. 12, 2022) (collecting cases dismissing breach of express warranty claims with identical pleading of notice); see Campbell v. Whole Foods Mkt. Grp., Inc., 516 F. Supp. at 391 ("If plaintiff had provided notice, she could have written that, rather than pleading, in essence, both that she did provide notice, and that she did not do so but will in the future.").

Next, in his opposition, plaintiff claims he provided notice "by filing this action." (Pl. Opp. at 15). However, the case plaintiff relies on does not support his claim. That case, in a footnote, cites to a single New York state case that "suggest[s] that a plaintiff's pleadings may constitute reasonable notice in certain cases." Tomasino v. Estee Lauder Cos., 44 F. Supp. 3d 251, 261 n.6 (E.D.N.Y. 2014) (citing Panda Cap. Corp. v. Kopo Int'l, Inc., 242 A.D.2d 690, 692 (2d Dep't 1997)).[4] In the New York state case, the plaintiff, suing a contractual counterparty,

---

[4] In the same footnote, the Tomasino court cites a second New York state court case stating a breach of express warranty claim does require a "prelitigation notice." 44 F. Supp. 3d at 261 n.6 (citing Mendelson v. Gen. Motors Corp., 105 Misc. 2d 346, 353 (Sup. Ct. Nassau Cty. 1980)).

not only filed a complaint and an amended complaint, but also "had repeatedly made its objections to [the defendant's] pattern of deficient performance known prior to" filing suit. Panda Cap. Corp. v. Kopo Int'l, Inc., 242 A.D.2d at 692. To the contrary, here, plaintiff does not allege a similar history of prior complaints that would have put defendant on timely notice of the alleged breach in addition to plaintiff's complaint.

Lastly, plaintiff claims the pre-suit notice requirements do not apply in New York to retail sales. (Pl. Opp. at 16). However, this limited exception waives the pre-suit requirement in cases involving "physical or personal injury as a result of Defendant's alleged breach," neither of which is alleged in this case. Budhani v. Monster Energy Co., 527 F. Supp. 3d 667, 685 (S.D.N.Y. 2021).

Accordingly, plaintiff's breach of express warranty claim must be dismissed.

V.     Breach of Implied Warranty of Merchantability

Defendant argues plaintiff's breach of implied warranty claim must be dismissed because plaintiff was not in privity with defendant.

The Court agrees.

"New York courts continue to require privity between a plaintiff and defendant with respect to claims for breach of the implied warrant[y] of merchantability . . . where the only loss alleged is economic." Catalano v. BMW of N. Am., LLC, 167 F. Supp. 3d 540, 556 (S.D.N.Y. 2016) (citing Arthur Jaffee Assocs. v. Bilsco Auto. Serv., Inc., 58 N.Y.2d 993, 995 (1983)). A remote purchaser, such as a retail purchaser, is not in privity with a good's manufacturer. See Weisblum v. Prophase Labs, Inc., 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015).

Plaintiff alleges he purchased the Product from stores including a ShopRite store in White Plains, New York, not directly from defendant. Thus, plaintiff is not in privity with

defendant. Moreover, plaintiff alleges only economic loss, not personal injury. (See Compl. ¶¶ 97, 100–03).

Accordingly, plaintiff's claim for breach of implied warranty must be dismissed.

VI.  Magnuson Moss Warranty Act

Defendant argues plaintiff's MMWA claim must be dismissed because plaintiff did not allege the Product contained a written warranty.

The Court dismisses the claim but for a different reason.

Because plaintiff's warranty claims are dismissed, the MMWA claims must also be dismissed. Although the MMWA is a federal statute, liability under the MMWA is based on state warranty laws. See Ebin v. Kangadis Food Inc., 2013 WL 3936193, at *3 n.2 (S.D.N.Y. July 26, 2013) (noting the MMWA "incorporates and federalizes state-law breach of warranty claims, including state-law standards for liability and damages"). Thus, plaintiff's claim under the MMWA "stand[s] or fall[s]" with his state-law warranty claims. See Brady v. Basic Rsch., L.L.C., 101 F. Supp. 3d 217, 234 (E.D.N.Y. 2015).

Accordingly, plaintiff's MMWA claim must be dismissed.

VII.  Fraud

Defendant argues plaintiff's fraud claim must be dismissed because plaintiff fails to allege fraudulent intent.

The Court agrees.

A.  Legal Standard

A claim for fraud under New York law requires a showing of "a misrepresentation . . . which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material

14

omission, and injury." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996). In other words, to state a fraud claim, a plaintiff must allege "a representation of material fact, falsity, scienter, reliance and injury." Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 57 (1999).

In federal court, state-law fraud claims are also subject to Federal Rule of Civil Procedure 9(b), which provides that, "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. That is, to establish "scienter, conclusory assertions of intent are sufficient if supported by facts giving rise to a strong inference of fraudulent intent." Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 579 (2d Cir. 2005) (per curiam).

A "strong inference of fraud may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290–91 (2d Cir. 2006). For example, a plaintiff may establish fraudulent intent by "offer[ing] facts to show that [defendant] had both a clear opportunity and a strong financial motive to" engage in fraud, as well as defendant's actual knowledge of fraud. Wight v. BankAm. Corp., 219 F.3d 79, 92 (2d Cir. 2000).

Conclusory allegations of fraudulent intent, without more, are insufficient to sustain a fraud claim. See, e.g., Baretto v. Westbrae Nat., Inc., 518 F. Supp. 3d 795, 808 (S.D.N.Y. 2021). Claims a defendant knew its representations were false, without more, are likewise insufficient. See Kelly v. Beliv LLC, 2022 WL 16836985, at *10 (S.D.N.Y. Nov. 9, 2022) (collecting cases).

15

B.   Analysis

Plaintiff's allegations of fraudulent intent are conclusory. Specifically, plaintiff alleges "[d]efendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations." (Compl. ¶ 141). This is insufficient to establish fraudulent intent. See, e.g., Brown v. Kerry Inc., 2022 WL 669880, at *6 (S.D.N.Y. Mar. 7, 2022) (dismissing conclusory allegation that defendant's "fraudulent intent is evinced by its failure to accurately describe the Product on the front label, when it knew its statements were neither true nor accurate"); Santiful v. Wegmans Food Mkts., Inc., 2022 WL 268955, at *7 (S.D.N.Y. Jan. 28, 2022) (same).

Nor do plaintiff's factual allegations show defendant possessed either a strong motive to commit fraud or actual knowledge of fraud.

First, plaintiff does not allege a strong motive to commit fraud. Plaintiff alleges "[d]efendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers." (Compl. ¶ 76). Even if the Court inferred from this allegation that defendant possessed a general profit motive to commit fraud, "simply alleging a defendant's self-interested desire to increase sales does not give rise to an inference of fraudulent intent." Colpitts v. Blue Diamond Growers, 527 F. Supp. 3d 562, 586 (S.D.N.Y. 2021). In fact, "[w]hile an ingredients list accurately describing a product's nutritional content does not cure an otherwise deceptive label, it is certainly a substantial barrier to a plaintiff seeking to plead a claim of fraud." Id.

Second, plaintiff does not sufficiently allege actual knowledge of fraud. Plaintiff claims "the records [d]efendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provide it with actual and/or constructive knowledge of the falsity of its

misrepresentations." (Compl. ¶ 140). "Such allegations are manifestly insufficient to satisfy" Rule 9(b). Devey v. Big Lots, Inc., 2022 WL 6827447, at *8 (dismissing fraud claim premised on the same allegations of fraudulent intent).

Accordingly, plaintiff's fraud claim must be dismissed.

VIII. Unjust Enrichment

Defendant argues plaintiff cannot, as a matter of law, plead a claim for unjust enrichment because it is duplicative of plaintiff's other claims.

The Court agrees.

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." In re Mid-Island Hosp., Inc., 276 F.3d 123, 129 (2d Cir. 2002). A plaintiff states an unjust enrichment claim "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790 (2012). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Id.

Here, plaintiff's unjust enrichment claim is duplicative of his other claims. In support of his unjust enrichment claim, plaintiff alleges "[d]efendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members." (Compl. ¶ 142). In other words, plaintiff alleges defendant "committed actionable wrongs" by placing misleading representations on the Product's packaging, and defendant was therefore enriched at plaintiff's expense. See Corsello v. Verizon

N.Y., Inc., 18 N.Y.3d at 791. This is the same factual allegation that underlies plaintiff's statutory, contract, and tort law claims.

Plaintiff is incorrect that, here, he may plead unjust enrichment in the alternative. This is because plaintiff could not succeed on his unjust enrichment claim and fail on his other claims. See In re Skat Tax Refund Scheme Litig., 356 F. Supp.3d 300, 325 (S.D.N.Y. 2019) ("A claim is alternative and not duplicative if a plaintiff may fail on one but still prevail on the other."). For this reason, "courts in the Second Circuit have consistently held that unjust enrichment claims are duplicative of GBL claims" in similar cases. Beers v. Mars Wrigley Confectionery US, LLC, 2022 WL 493555, at *7 (S.D.N.Y. Feb. 17, 2022).

Accordingly, plaintiff's unjust enrichment claim must be dismissed.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims for violations of Sections 349 and 350 of the New York General Business Law and the consumer protection statutes of Montana, Virginia, Delaware, and Kansas shall proceed.

All other claims are dismissed.

The Clerk is instructed to terminate the motion. (Doc. #8).

Dated: December 20, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge